UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIN GENAO,

                Plaintiff,

-against-

SAINT PAULS CHURCH, Church of St. Joseph of the Holy Family,

                Defendant.

19-CV-2704 (CM)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff filed this action *pro se*. The Court grants Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP), but dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

    Plaintiff brings this action, styled as a criminal complaint, seeking criminal charges against Defendant St. Paul's Church, alleging that he "went to these churches for a spiritual consultation on more than one occasion and . . . was denied by several parishers [sic] who were attending for no apparent reason." (Compl. at 2.) He also alleges that a priest asked him "to

confess before attending mass," and that he was not allowed to take communion. (*Id.*) He has since converted to Judaism, and is "being taken care of by a spiritual adviser." (*Id.*) But he believes that Defendant's conduct was "so malicious," and that members of the various churches "directly interfer[ed] with [his] spiritual rejuvenation." (*Id.*)

Plaintiff now brings this lawsuit under several criminal statutes, "heresy," Amendments to the U.S. Constitution, the "Rome Statute," and the "Pursuit of Happiness." (*Id.* at 1.)

## DISCUSSION

Plaintiff cannot initiate the arrest and prosecution of any other individual in this Court because private citizens cannot prosecute criminal actions in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

To the extent Plaintiff seeks relief under 42 U.S.C. § 1983, he fails to state a claim because he must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." *Id.* Private parties are not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Saint Paul's Church is a private entity, Plaintiff cannot state a claim against it, or its members, under § 1983.

Accordingly, the Court dismisses the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## LITIGATION HISTORY

Plaintiff has filed 21 other cases in this Court, six of which the Court dismissed for failure to state a claim or for failure to either submit an IFP application or pay the filing fee:

1. *Genao v. Gaunito*, No. 19-CV-3750 (filed on Apr. 26, 2019);

2. *Genao v. 32nd Precinct*, No. 19-CV-3468 (filed on Apr. 18, 2019);

3. *Genao v. Lira Apartments*, No. 19-CV-3467 (filed on Apr. 18, 2019);

4. *Genao v. Goldstein & Weinstein, LLP.*, No. 19-CV-3404 (filed on Apr. 16, 2019);

5. *Genao v. 9th Precinct*, No. 19-CV-3403 (on Apr. 16, 2019, ordered to submit IFP application or pay filing fee);

6. *Genao v. US/City Marshals*, No. 19-CV-3051 (on Apr. 5, 2019, ordered to submit IFP application or pay filing fee);

7. *Genao v. Police Service Area 6*, No. 19-CV-3050 (filed on Apr. 4, 2019);

8. *Genao v. St. Nicholas Housing Development*, No. 19-CV-2477 (on Apr. 8, 2019, ordered to submit IFP application or pay filing fee);

9. *Genao v. Kwon*, No. 19-CV-2022 (on Mar. 11, 2019, ordered to submit IFP application or pay filing fee);

10. *Genao v. New York City Housing Authority*, No. 19-CV-0836 (on Apr. 1, 2019, ordered to submit IFP application or pay filing fee);

11. *Genao v. Post Office Manhattanville*, No. 19-CV-0835 (on Mar. 1, 2019, ordered to submit IFP application or pay filing fee);

12. *Genao v. Iroham*, No. 19-CV-0416 (IFP application granted on Apr. 8, 2019, after directed to file IFP application or pay filing fee);

13. *Genao v. Harriet Tubman P.S. 154*, No.19-CV-0169 (filed Jan. 7, 2019);

14. *Genao v. Georgiades*, No. 19-CV-0082 (S.D.N.Y. Apr. 3, 2019) (dismissed for failure to state a claim);

15. *Genao v. Harriet Tubman P.S. 154*, No.18-CV-12407 (S.D.N.Y. Mar. 4, 2019) (same);

16. *Genao v. Federal Bureau Investigations NY*, No. 18-CV-12287 (IFP application granted on Apr. 8, 2019, after directed to submit application or pay filing fee);

17. *Genao v. Manhattan D.A. Office et al.*, No. 18-CV-12285 (S.D.N.Y. Feb. 5, 2019) (dismissed for failure to file IFP application);

18. *Genoa v. Guanilo*, No. 18-CV-12059 (S.D.N.Y. Mar. 4, 2019) (dismissed for failure to state a claim);

19. *Genao v. Precinct 5*, No. 18-CV-12037 (filed IFP application on Apr. 9, 2019);

20. *Genao v. Fed Ex*, No. 18-CV-12036 (S.D.N.Y. Apr. 17, 2019) (dismissed for failure to state a claim);

21. *Genao v. Georgiades*, No. 18-CV-12002 (S.D.N.Y. Apr. 18, 2019) (same).

In light of this litigation history, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does

4

not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 3, 2019
        New York, New York

                                            COLLEEN McMAHON
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____
Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
| --- | --- |
| Name | Prison Identification # (if incarcerated) |
| Address City State Zip Code | |
| Telephone Number (if available) | E-mail Address (if available) |